IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ALEX REYES VELA, JR.,<br>Institutional ID No. 13290-15,<br><br>        Plaintiff,<br><br>V.<br><br>J. SAGNIBENE, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.<br>)    5:15-CV-231-BQ<br>)    ECF<br>)<br>) |

## REPORT AND RECOMMENDATION

### I.   Procedural History

Plaintiff Alex Reyes Vela, Jr. filed this civil rights action *in forma pauperis* on November 24, 2015, complaining of actions by Texas Department of Public Safety Trooper Joseph Sagnibene, the officials at the Dawson County Detention Center, and the "Dawson County Courthouse" in connection with his arrest and detention for possession with intent to deliver a controlled substance and unlawful possession of a firearm by a felon. The United States District Court reassigned this case on April 18, 2016, to the undersigned United States Magistrate Judge for further proceedings.

Garza County Jail notified the court on August 19, 2016, that Vela had been released from its custody to the custody of the Texas Department of Criminal Justice. ECF No. 15. Vela, however, did not provide an updated address to the Clerk, as required by the district court's notice and instructions to him. ECF No. 3. On August 15, 2016, the court entered an order requiring Vela to complete and return a questionnaire within thirty days from the date of the order. ECF No. 14. That order and a notice of availability of the magistrate judge to exercise jurisdiction were

both returned as undeliverable. ECF No. 16. Thus, the undersigned enters this Report and Recommendation pursuant to the order of transfer.

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Vela's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 19, 2016

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

2